UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDOLPH E. BRAKKE, SR.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTIONS, IDAHO STATE CORRECTIONAL INSTITUTION, BRENT REINKE, RANDY BLADES, JOHN HARDISON, CORIZON, TOM DOLAN, TOM MANWARY, RONA STIEGER, JAN EPPS, DR. SANDERS, JOSH TUCKETT, MS. LANE, APRIL DAWSON, DR. DUBOSON, MR. THOMPSON, DR. GULLICK, UNKNOWN PRISON STAFF OFFICIALS/OFFICERS 1-10, UNKNOWN MEDICAL STAFF JOHN AND JANE DOES 1-10, JOHN DOE, MARK DOE,<br><br>　　　　　　　Defendants. | Case No. 1:11-cv-00455-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　This matter is before the Court on Defendants motion to dismiss for improper service of process. (Dkts. 18, 23 & 29).[1] Having reviewed the parties' briefing and the record, the Court has determined that oral argument will not aid in rendering its decision in this matter and the pending motion will be decided on the written materials submitted.

---

[1] The motion to dismiss was filed by Defendants Corizon, Dolan, Manwaring, Stander, Tuckett, Siegert, and Dawson. The remaining Corizon Defendants subsequently filed joinders to that motion, adopting the position made in the original motion.

**MEMORANDUM DECISION AND ORDER - 1**

Being fully advised, the Court issues the following Memorandum Decision and Order denying Defendants' motion.

## BACKGROUND

In August 1999, Plaintiff was sentenced to ten to fifteen years imprisonment in the custody of the Idaho Department of Correction ("IDOC"). (Complaint, Dkt. 1 at 9). Plaintiff was first housed in the Idaho Maximum Security Institution ("IMSI") for nine and a half months. (*Id*. at 12-13) In 2000, Plaintiff was moved to the Idaho Correction Center ("ICC"), where he served six and a half years. (*Id*.) In fall 2006, Plaintiff was transferred to the Idaho State Correctional Institution ("ISCI"), where he served the remainder of his sentence. (*Id*.). Plaintiff was released on parole August 26, 2009, where he remains. (*Id*.)

Plaintiff claims that "[w]hen he entered prison he suffered from no physical illnesses," but when he "was released on parole his health condition had become critical due in part to the extreme lack of medical care in prison." (*Id*.) Specifically, in 2004, Plaintiff was diagnosed with high blood pressure and associated headaches. (*Id*.) After being transferred to ICC, Plaintiff began experiencing health issues and "began to send medical kites for medical attention." (*Id*.) Plaintiff was ultimately diagnosed with a cancerous lesion in his mouth, advanced-stage renal failure, kidney disease, and Hepatitis-C, which was apparently contracted during his incarceration. (*Id*.) As a result of the cancer diagnoses, Plaintiff claims that he "has lost fourteen teeth, [suffered] facial disfigurement, [and] loss of part of his tongue. (*Id*.)

Plaintiff claims that he needlessly suffered and continues to suffer from "excruciating pain from his oral cancer, failing liver function, and is also now subject to a lifelong medical condition of advanced stage kidney disease, all from lack of adequate treatment." (*Id*.)  Plaintiff claims that "Defendants were negligent in performing their … duties to provide Plaintiff with adequate medical care." (*Id*.)  Plaintiff further makes claims regarding the grievance and concern form process, alleging that "prison guards and medical staff on many occasions removed and destroyed several concern forms and grievances that Plaintiff filed for medical assistance…." (*Id*. at 24.)

Appearing pro se, but not in forma pauperis, Plaintiff filed his Complaint on September 29, 2011.  On October 3, 2011, he attempted to serve the medical Defendants by delivering a copy of the complaint and thirteen summonses to the Boise Corizon office.  The complaint and summonses were served on Thomas Dolan, the Regional Vice President for Corizon.  (Affidavit of Thomas Dolan, Dkt. 18-2 at 3).  Dolan claims that he is not authorized to accept service on behalf of Corizon. (*Id*.)

Plaintiff makes his claims pursuant to 42 U.S.C. § 1983, under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  Plaintiff seeks unspecified injunctive and declaratory relief, compensatory damages of $1 million, and punitive damages of $3.5 million.  (*Id*. at 26.)

## DISCUSSION

Defendants argue that this Court lacks jurisdiction over the medical defendants because "Plaintiff has failed to accomplish proper service as required by Rules 4(e) and (h) of the Federal Rules of Civil Procedure." (Defendant's Brief, Dkt. 18-1, 4).

MEMORANDUM DECISION AND ORDER - 3

Defendants reasons that service was improper because it was served upon an improper party, Corizon Vice President Thomas Dolan.  (Id.)  Dolan avers that, while he is a vice president, he is "not an officer of Corizon, Inc., nor [is he] a managing or general agent." (*Id.*)

>Federal Rule of Civil Procedure 4(d)(3) provides in relevant part:
>
>Service shall be made as follows: Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(d)(3).

To effectively serve a corporation and its employees, as Plaintiff is attempting to do here, service must be directed to and delivered to an officer, managing agent or general agent of that corporation. *Id*. Though there may be evidence to the contrary, the record before the Court indicates that the person served, Thomas Dolan was not an officer, managing agent or general agent of the defendant corporation nor does the record indicate that he was authorized by it to receive service of process as contemplated by Rule 4.

A federal court does not have jurisdiction over a defendant unless that defendant has been served properly. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Nonetheless, without substantial

compliance with Rule 4 "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

The Ninth Circuit provides the following guidance when determining whether service of process on an individual on behalf of a corporation is proper:

> Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice. Thus, the service can be made "upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." Generally, "[t]he determination of whether a given individual is a 'managing or general agent' depends on a factual analysis of that person's authority within the organization."

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988) (internal citations omitted).

Here, there is sufficient evidence to support a finding that Thomas Dolan, the Idaho Regional Vice President of Corizon, Inc., was in such a position as to render the disputed service fair, reasonable and just to imply the authority on his part to receive service. The title "Regional Vice President" connotes an officer role to a normal observer. Furthermore, it cannot be argued, that Defendants did not receive sufficient notice of the complaint. Rather, service was effected on October 3, 2011. Thereafter, Defendants filed the present motion on October 24, 2011, within three weeks. The prompt filing of this motion and Defendants activity in this case indicate that they had

MEMORANDUM DECISION AND ORDER - 5

sufficient notice of this case and the claims alleged in the complaint. Likewise, service is deemed proper, and pursuant to Rule 12(a)(4), Defendants' answer is due by October 9, 2012.

## ORDER

IT IS HEREBY ORDERED:

1. Defendants' Motion to Dismiss (Dkt. 18) is DENIED;

2. Defendants' shall file an Answer to Plaintiff's Complaint (Dkt. 1) by October 9, 2012.

DATED: September 25, 2012

*/s/ Larry M. Boyle*

Honorable Larry M. Boyle
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**