UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDOLPH E. BRAKKE, SR.,<br><br>               Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTIONS, ISCI, BRENT REINKE, RANDY BLADES, JOHN HARDISON, CORIZON, TOM DOLAN, TOM MANWARY, RONA STIEGER, JAN EPPS, DR. SANDERS, JOSH TUCKETT, MS. LANE, APRIL DAWSON, DR. DUBOSON, MR. THOMPSON, DR. GULLICK, UNKNOW PRISON STAFF 1-10, UNKNOWN MEDICAL STAFF 1-10, JOHN DOE, and MARK DOE,<br><br>               Defendants. | Case No. 1:11-cv-00455-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

      This matter is before the Court on two pending motions: 1) Defendants' Motion for Judgment on the Pleadings, (Dkt. 39); [1] and 2) Plaintiff's Motion for Entry of Contempt (Dkt. 41). Having reviewed the written arguments of the parties, as well as the record in this case, the Court has determined that oral argument is unnecessary, and

---

[1] Defendants Corizon, Dolan, Manwary, Stander, Tuckett, Stieger, Dawson, Epps, and Gulick are the moving defendants. ("Corizon defendants"). However, the remaining defendants ("IDOC defendants") joined the Corizon defendants in seeking dismissal incorporating the Motion for Judgment on the Pleadings by reference. Accordingly, for the purposes of this Order, unless otherwise noted the word "defendants" refers to all defendants.

**MEMORANDUM DECISION AND ORDER - 1**

therefore enters the following Order[2] denying Plaintiff's motion, granting defendants' motion and dismissing Plaintiff's Complaint with prejudice.

## BACKGROUND

In August 1999, Plaintiff was sentenced to ten to fifteen years imprisonment in the custody of the Idaho Department of Correction ("IDOC"). (Complaint, Dkt. 1 at 9). Plaintiff was first housed in the Idaho Maximum Security Institution ("IMSI") for nine and a half months. (Id. at 12-13) In 2000, Plaintiff was moved to the Idaho Correction Center ("ICC"), where he served six and a half years. (Id.) In fall 2006, Plaintiff was transferred to the Idaho State Correctional Institution ("ISCI"), where he served the remainder of his sentence. (Id.). Plaintiff was released on August 26, 2009, where he remains. (Id.)

Plaintiff claims that "[w]hen he entered prison he suffered from no physical illnesses," but when he "was released on parole his health condition had become critical due in part to the extreme lack of medical care in prison." (Id.) Specifically, in 2004, Plaintiff was diagnosed with high blood pressure and associated headaches. (Id.) After being transferred to ICC, Plaintiff began experiencing health issues and "began to send medical kites for medical attention." (Id.) Plaintiff was ultimately diagnosed with a cancerous lesion in his mouth, advanced-stage renal failure, kidney disease, and Hepatitis-C, which was apparently contracted during his incarceration. (Id.) As a result of

---

[2]All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

the cancer diagnoses, Plaintiff claims that he "has lost fourteen teeth, [suffered] facial disfigurement, [and] loss of part of his tongue. (Id.)

Plaintiff claims that he needlessly suffered and continues to suffer from "excruciating pain from his oral cancer, failing liver function, and is also now subject to a lifelong medical condition of advanced stage kidney disease, all from lack of adequate treatment." (Id.) Plaintiff claims that "Defendants were negligent in performing their ... duties to provide Plaintiff with adequate medical care." (Id.) Plaintiff further makes claims regarding the grievance and concern form process, alleging that "prison guards and medical staff on many occasions removed and destroyed several concern forms and grievances that Plaintiff filed for medical assistance...." (Id. at 24.)

Plaintiff makes his claims pursuant to 42 U.S.C. § 1983, under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks unspecified injunctive and declaratory relief, compensatory damages of $1 million, and punitive damages of $3.5 million. (Id. at 26.)

Pursuant to Federal Rule of Civil Procedure 12(c), defendants argue that dismissal of Plaintiff's Complaint is required because his claims are barred by the applicable statute of limitations. (*Memo in Support*, Dkt. 39-1).

## DISCUSSION

### 1.  Judgment on the Pleadings

It is well-established that Federal Rule of Civil Procedure 12(c) is "functionally identical" to Federal Rule of Civil Procedure 12(b)(6) and the same standard of review applies to motions brought under either Rule. *Cafasso, U.S. ex rel. v. General Dynamics*

MEMORANDUM DECISION AND ORDER - 3

*C4 Systems, Inc.,* 637 F.3d 1047, 1055 n. 4 (9th 2011). To withstand such a motion, a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The tenet that a court "must accept as true all of the allegations contained in a complaint" does apply to legal conclusions, however. *Id*. Likewise, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation"). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*

### 2. Statute of Limitations

According to defendants, all of the actions leading to Plaintiff's claims occurred between August 26, 1999, the date he was sentenced, and August 26, 2009, the date he was released from custody. Plaintiff filled his federal civil rights complaint on September 29, 2011, missing the two-year statute of limitations on any claim arising before August 26, 2009.

Plaintiff, however, argues that the statute of limitations did not begin running until he discovered the extent of his injuries after he was released. Plaintiff also argues that his injuries represent an "ongoing violation," on the basis that he continues to receive treatment after his release, including a tongue biopsy on November 9, 2010. (Brakke Affidavit, Dkt. 54-3 at 7). Plaintiff further claims that he continues to receive cancer, Hepatitus C, and dental treatments from defendant to the present time. (*Id*. at 7-9)

MEMORANDUM DECISION AND ORDER - 4

All of Plaintiff's claims arise under 42 U.S.C. § 1983, which provides a cause of action to any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of state law. The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is the statute of limitations period applicable to personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Idaho, the statute of limitations governing a personal injury claim is two years. Idaho Code § 5-219, see *Daskalakis v. FBI*, 2011 WL 1900439 at *3 (D. Idaho 2011).

While the state's statute of limitations determines the time for filing a claim, federal law determines when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). In Courts that reside in the Ninth Circuit Court of Appeals, a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Thus, the statute begins to run once a plaintiff "has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury.'" *Bibeau v. Pacific Northwest Research Foundation*, 188 F.3d 1105, 1108 (9th Cir. 1999). A plaintiff "must be diligent in discovering the critical facts," or his claim will be barred if he "should have known in the exercise of due diligence." *Id.*

### 3. Medical Claims

According to the complaint, when Plaintiff was transferred to ISCI in the fall of 2006 he began requesting medical attention for a known high blood pressure condition. Later that same year he also sought treatment for a cancerous lesion in his mouth.

MEMORANDUM DECISION AND ORDER - 5

Plaintiff contends that defendants ignored his requests, which ultimately led to kidney failure and liver complications. He also alleges that defendants delayed diagnosis and treatment of Plaintiff's Hepatitis-C, and that the delay in treatment and denial of aggressive care caused a variety of preventable injuries, including facial disfigurement, loss of several teeth, and part of his tongue. The complaint is clear that the alleged delays and/or denials of treatment all took place prior to Plaintiff's release from custody in August 2009. It is clear from the Plaintiff's complaint that he knew of, and was treated for, his failing kidneys, Hepatitis-C diagnosis, and the cancerous lesion prior to leaving prison on August 26, 2009.

Plaintiff alleges in his complaint that on April 24, 2009, he learned of his kidney disease was caused by "not being treated properly for his high blood pressure" and "due in part to chemotherapy which started in Nov 2007." (*Complaint*, Dkt. 1 at 18) Plaintiff further clearly alleges he was "diagnosed with Hepatitis-C prior to leaving prison August 2009." (*Id*. at 13.) Similarly, it is alleged in the complaint that "Plaintiff saw Dr. Gullick in January 2009 and was just then told of the Hepatitis-C disease." (Id. at 18) Plaintiff also clearly alleges that he was diagnosed with "squamous cell carcinoma of the left lateral tongue" on July 16, 2007. (Id. at 15). Further, he makes clear in his complaint that he "had radiation and chemotherapy treatments . . . from the end of October 2007 until around December 2007." (Id. at 19).

The complaint makes it clear that Plaintiff knew, or should have known, of his claimed injuries *prior* to his release from custody on August 26, 2009, at the very latest.

Liberally construing Plaintiff's claims to have accrued on that date provides an August 26, 2011, deadline in which to file his § 1983 claims.

Plaintiff's Complaint was filed on September 29, 2011, more than two years after his release, over a month beyond the applicable statutory limitations period. As such, Plaintiff's Eight Amendment claims are time-barred as a matter of law. Furthermore, Plaintiff's Fifth and Fourteenth Amendment claims, which also stem from alleged delays and denials of medical care, are time-barred as well.

### 4. First and Sixth Amendment Claims

Plaintiff claims that defendants violated his First Amendment rights by allegedly refusing to answer kites and grievances while incarcerated. Similarly, Plaintiff argues that his Sixth Amendment[3] rights were violated when defendants tampered with and/or seized medical documents from Plaintiff's cell. All of his allegations concerning the seizure and destruction of his documents, however, arose while he was incarcerated. Plaintiff's pleadings clearly illustrate that he knew of these alleged injuries prior to his release. Accordingly, these claims are time barred as well.

### 5. Tolling

Because Plaintiff constructively filed his federal Complaint on September 29, 2011, more than two years after his release from custody on August 26, 2009, his Complaint is subject to dismissal unless he can show that equitable tolling can be applied. Whether tolling is available is governed by state law, unless application of state tolling

---

[3] Plaintiff's reference to the Sixth Amendment appears to be in error. Rather, is looks as if he is arguing provisions of the Fourth Amendment. Considering that the Sixth Amendment has no relevant application to Plaintiff's claims, the undersigned liberally construes Plaintiff's allegations as arising under the Fourth Amendment.

**MEMORANDUM DECISION AND ORDER - 7**

principles would undermine important federal policy. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 462-65 (1975).

Plaintiff asserts two reasons his Complaint is not barred by the applicable two-year statute of limitations. First, he argues that he "filed his Tort Claim on July 20, 2011, with the Idaho Secretary of State Ben Ysursa …," apparently attempting to comply with Idaho's Tort Claims Act. *See* I.C. § 6-901. (*Response*, Dkt. 54 at 10). In addition, he argues that his claims represent "continuing violations" as he "has continued to face new damages [from his injuries]." (*Id.* at 13).

Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Thus, Plaintiff's attempted tort claim notice sent to Idaho's Secretary of State does not toll the applicable statute of limitations. *See U.S. v. $80,180 in U.S. Currency*, 303 F.3d 1182 (9th Cir. 2002).

Plaintiff's second argument is that his complaint is timely under the continuing violation doctrine, which "permits a plaintiff to sue for all discriminatory acts that occurred during the limitations period, even if the policy or other event giving rise to the discrimination occurred outside the limitations period." *Comm. Concerning Cmty. Improvements v. City of Modesto*, 583 F.3d 690, 701 (9th Cir. 2009). However, "a continuing violation is occasioned by continual unlawful acts, *not by continual ill effects from an original violation*." *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) (emphasis added) (internal quotation marks and alteration omitted). "[C]urrent effects alone cannot breathe life into prior, uncharged discrimination; . . . such effects in themselves have 'no present legal consequences.'" *Ledbetter v. Goodyear Tire & Rubber*

**MEMORANDUM DECISION AND ORDER - 8**

*Co., Inc.*, 550 U.S. 618, 628 (2007) (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)), *superseded by* Lily Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (codified at 42 U.S.C. § 2000e-5(e)), only as to claims of unlawful employment practices.

Here, Plaintiff alleges that defendants failed to provide timely and adequate medical treatment while he was incarcerated. These alleged acts all took place before Plaintiff's release from custody, which was more than two years prior to the filing of the complaint. Plaintiff alleges no facts to support his claim that any tolling doctrine applies to the circumstances presented here.

For the foregoing reasons, Plaintiff's complaint is time-barred by the applicable two-year statute of limitations, *See* Idaho Code § 5-219, and must be dismissed.

## ORDER

It is hereby ORDERED:

1. Defendants' Motion for Judgment on the Pleadings (Dkt. 39) is GRANTED;

2. Plaintiff's Motion for Entry of Contempt (Dkt. 41) is MOOT; and

3. Plaintiff's Complaint (Dkt. 1) is DISMISSED.

DATED: July 17, 2013

Honorable Larry M. Boyle
United States Magistrate Judge